HAZEL WOODS, as Administratrix of the Estate of James Jones, Deceased, et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Appeal from order of the Supreme Court, Kings County, dated March 9, 1966, dismissed on consent, without costs; and order of said court dated February 10, 1966 reversed, with costs against respondent-administratrix, and verdict in favor of defendants reinstated. Early in the morning of January 26, 1958, plaintiff James Jones "cut" his stepbrother Otis on the neck. Otis went home and James' stepfather hailed two passing police officers, defendants Carl Imbriano and Robert Higgins, who entered the stepfather's house. James arrived home

a few minutes later and was arrested and told to sit on a chair in the living room. He got up several times in an attempt to see Otis, who was lying on a bed in the adjacent foyer. When the officers seated him in the chair for the third time, he lunged at Imbriano. An altercation ensued and James struck Imbriano on the head with an empty clay flower pot, causing him to fall dazed to the floor. Officer Higgins struck James "viciously" with his night stick in an unsuccessful attempt to restrain him. James turned and kicked Higgins in the groin, causing him to fall to the floor, and then picked up an end table by its legs and raised it to strike the prostrate Higgins. Higgins warned him to drop the table or be shot. James failed to do so and was shot by Higgins in the left side of the chest, suffering a severed spinal cord and paralysis from the waist down. In our opinion the issue of whether officer Higgins used excessive force in repelling James' attack on him was clearly one of fact and the trial court properly so submitted it to the jury, which found for defendants (cf. *People* v. *Briggs*, 25 A D 2d 50). However, the court set aside the verdict and granted a new trial, holding that only an attack with a lethal weapon could justify a defense with such a weapon and that as a matter of law the end table was not such a weapon as would reasonably be anticipated to cause death or grievous bodily harm. In our opinion this was error (see, Restatement, Torts, § 65). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.